[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12144

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-tp-14006-AMC-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Jackson committed numerous supervised release violations—including use of marijuana and fleeing from and eluding a law enforcement officer—for which he was sentenced to 18 months imprisonment and 18 months supervised release. On appeal he argues that his sentence is substantively unreasonable because it is not related to any proper sentencing factor and involves greater deprivation of liberty than reasonably necessary to achieve the purposes of sentencing.

We review the reasonableness of a sentence, including the imposition of supervised release, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which

include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

A departure is made under the Guidelines, while a variance is made under the sentencing factors in § 3553(a). *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). A challenge to an upward variance is viewed as a challenge to the substantive reasonableness of a sentence. *See, e.g., United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). A district court does not abuse its discretion by varying upward and placing more weight on a defendant's criminal history than on the advisory guideline range. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). We have upheld large upward variances based solely on the defendant's extensive criminal history. *Id.* at 1288; *see, e.g., United States v. Shaw*, 560 F.3d 1230, 1241 (11th Cir. 2009) (upholding a 120-month statutory maximum sentence despite a guidelines range of 30 to 37 months for a defendant who had been arrested 26 times). Further, an upward variance well below the statutory maximum sentence indicates that a sentence is reasonable. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

Here, the district court imposed a substantively reasonable sentence, despite upwardly varying. *See Gall*, 552 U.S. at 51. In fashioning Jackson's sentence, the district court noted the nature

and circumstances of the offense and the seriousness of the offense when it noted his excessive speed and elusion of law enforcement that Jackson directly admitted to during the final revocation and sentencing hearing.  18 U.S.C. § 3553(a)(1), (2)(A).  Further, the district court acknowledged Jackson's history and characteristics when it mentioned his repeated and lengthy history of violations through marijuana use, including multiple prior violation reports from the United States Probation Office for marijuana use. *Id.* § 3553(a)(1).  Additionally, the district court explicitly stated that it considered the statutory purposes of sentencing, the 18 U.S.C. § 3553(a) factors, the parties' arguments, and the information in the violation report.  While the district court only discussed in any detail the nature, circumstances, and seriousness of Jackson's offense and his history and characteristics, it was within the district court's discretion to attach great weight to these factors over others, and it stated that it considered all the factors. *Williams*, 526 F.3d at 1322. Finally, Jackson's sentence was below the maximum penalty, which this Court has stated indicates that his sentence is reasonable. *Riley*, 995 F.3d at 1278.  Based on the foregoing, it was not unreasonable for the district court to upwardly vary and sentence Jackson to 18 months' imprisonment followed by 18 months' supervised release.  *Gall*, 552 U.S. at 51. Accordingly, we affirm.

**AFFIRMED.**